IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No.: 4:05-083-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| MARK ANTHONY JONES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the court is the defendant's motion to suppress evidence obtained by search warrants. Both parties have filed briefs and the court heard oral arguments and testimony regarding this motion on April 28, 2005. Therefore, this matter is ripe for consideration.

## Background Facts

On November 24, 2004, deputies with the Darlington County Sheriff's Office responded to the defendant's residence located in Hartsville, South Carolina, to investigate several 911 calls regarding gunshots which were believed to have come from the defendant's residence. The defendant informed the deputies that he had possibly shot someone as he defended himself from multiple home invaders. The deputies observed what appeared to be blood inside of the residence, as well as shell casings from a firearm at several areas inside of the home.

Investigators with the Darlington County Sheriff's Office were notified and arrived at the scene. Upon arrival, the Investigators learned that possibly three (3) individuals wearing ski masks had broken into the defendant's residence and the defendant had fired several shots from a handgun, possibly hitting one of the intruders.

Investigator Mark Luce with the Darlington County Sheriff's Office learned certain information

when he arrived on the scene. He testified he learned that there was a shooting at the victim/defendant's home; that a gun was found in the victim/defendant's truck; that the victim/defendant was a convicted drug dealer and was not even supposed to have a gun; that it was suspicious activity of the victim/defendant in driving off and returning in the truck that the gun was found; that one of the suspected intruders had been shot and died at a local hospital. Investigator Luce was already involved in an ongoing investigation of several invasions of drug dealer homes by other drug dealers which had recently occurred. Armed with this information, he woke up the Darlington County Magistrate Judge to obtain search warrants to search the defendant's residence and his truck, which was parked across the street from the defendant's residence in the driveway of a neighbor. In the search warrant applications for the defendant's residence and truck, which were submitted by Investigator Luce, the items sought were:

> Any and all evidence related to burglary, home-evasion, crime of violence, weapons violation, drug violations to also include trace, blood, body fluids, clothing, weapons, items associated with weapons, damage related items association of any firearm, drugs and any items related to drugs.

In the probable cause section of the search warrant application for the defendant's residence, Investigator Luce stated:

> Darlington County Sheriff Deputies responded to a burglary in progress at aforementioned residence on 11-24-2004. Once deputies arrived, they discovered in plain view a firearm and substance similar to blood in the home. Affiant further believes that information obtained will further the investigation now being conducted by the affiant who is an Investigator with the Darlington County Sheriff's Department.

In the probable cause section of the search warrant application for the defendant's truck, Investigator Luce stated:

> Darlington County Sheriff's Deputies responded to a burglary in progress at 1523 Kimberly Dr. Hartsville, SC on 11-24-04. Once deputies arrived, they discovered in

plain view a firearm and substance similar to blood in the home, to include obvious damage to the windows and door of the home. The occupant of the home parked the aforementioned vehicle across the street at 1520 Kimberly Dr. Hartsville, SC. In plain view in the truck's bed was a firearm. Affiant further believes that information obtained will further the investigation now being conducted by the affiant who is an Investigator with the Darlington County Sheriff's Department.

The defendant states in his brief that after Investigator Luce arrived at the scene with the search warrants, a search of the defendant's truck revealed approximately 800 grams of what was believed to be cocaine, 6 grams of what was believed to be crack cocaine, and 2 sets of scales. A search of the defendant's residence revealed approximately 652 grams of what was believed to be cocaine, over $11,000 in cash and various other items.

## Discussion

The defendant argues that the search warrants issued for his residence and truck failed to articulate sufficient probable cause to indicate the defendant was involved in drug activity and, therefore, the items seized should be suppressed in the trial of this case.

In Illinois v. Gates, 462 U.S. 213, 238 (1983), the United States Supreme Court described "probable cause" to search as "a fair probability that contraband or evidence of a crime will be found." However, probable cause "is a fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules." Id. at 232. "The duty of a reviewing court is simply to ensure that the Magistrate had a substantial basis for concluding that probable cause existed." Id. at 238-39. In reviewing a search warrant, the court is not to conduct a *de novo* determination of probable cause, but determine only whether there is substantial evidence in the record supporting the Magistrate's decision to issue the warrant. Massachusetts v. Upton, 466 U.S. 727, 728 (1984). After a search warrant is issued, review of the probable cause determination by

3

the Magistrate Judge is to be shown "great deference." United States v. Blackwood, 913 F.2d 139, 142 (4th Cir.1990).

In this case, the defendant states that investigators with the Darlington County Sheriff's Office responded to a home invasion, and what appeared to be a self defense shooting. The defendant argues that responding deputies who performed a safety sweep of the interior of his residence found and saw only things consistent with a home invasion and a self defense shooting, such as forcible entry, blood and shell casings, and did not see anything connected with possible drug activity. Thus, the defendant argues that when Investigator Luce made an application for search warrants looking for "drug related" material, he was armed only with the conclusions that the defendant had prior convictions for drug related offenses and was the victim of a home invasion. The defendant states that it is of particular importance that when Investigator Luce made an application for search warrants looking for "drug related" material, he did not mention the term "drug related" once in the probable cause section of this search warrant applications, much less any connection the defendant had to such "drug related" activity.

First, it is important to point out that in the probable cause section for each search warrant application Officer Luce stated:

> [a]ffiant further believes that information obtained will further the investigation now being conducted by the affiant who is an Investigator with the Darlington County Sheriff's Office.

To that effect, Investigator Luce testified at the hearing on this motion on April 28, 2005, that when he went to secure the search warrants for the defendant's home and truck, he presented the warrant application to the Magistrate and also orally stated to the Magistrate Judge that he was personally aware of conduct occurring in recent weeks where drug dealers were invading the homes of other drug dealers. Investigator Luce testified at the hearing on this motion that this conduct is what

he was referring to when he stated in the written probable cause section of the application that the information would further an ongoing investigation.

Investigator Luce also testified at the hearing on this motion that he orally stated to the Magistrate Judge that he was aware that the defendant had two (2) prior drug convictions.

The Fourth Circuit held in United States v. Clyburn, 24 F.3d 613, 617 (4th Cir. 1994), that:

> [t]he Fourth Amendment does not require that the basis for probable cause be established in a written affidavit; it merely requires that the information provided to the issuing magistrate be supported by Oath or affirmation. Moreover, the Amendment does not require that statements made under oath in support of probable cause be tape-recorded or otherwise placed on the record or made part of the affidavit.

(internal quotations omitted).

A review of Investigator Luce's probable cause section under each search warrant application **and** the oral affirmation given before the Magistrate Judge reveals that probable cause existed to support the issuance of search warrants that include a search for drugs and items related to drugs. "In making a probable cause determination, a magistrate must use a "totality-of-the-circumstances analysis that considers the informant's reliability and the basis of the informant's knowledge." Id. (citing Gates at 233).

Even assuming arguendo, that there was not sufficient probable cause presented to the Magistrate to justify issuance of a warrant which include a search for drugs (which this Court finds there was), the United States Supreme Court has carved out a "good faith exception" to the exclusionary rule. See U.S. v. Leon, 468 U.S. 897, 926 (1984). The Fourth Circuit held in United States v. Lalor, 996 F.2d 1578, 1583 (4th Cir. 1993), that "[u]nder the good faith exception to the warrant requirement, evidence obtained from an invalidated search warrant will be suppressed only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the

5

existence of probable cause."

"Moreover, even assuming the affidavit itself lacked sufficient indicia of probable cause to support reasonable reliance on the warrant . . . it is proper to consider any contemporaneous oral statements to the magistrate in conjunction with the supporting affidavit in assessing the reasonableness of an officer's reliance on a warrant." United States v. Legg, 18 F.3d 240, 243-44 (4th Cir. 1994).

However, the Fourth Circuit noted in United States v. Hyppolite, 65 F.3d 1151, 1156, (4th Circ. 1995) (quoting Leon, 468 U.S. at 923), the "four situations in which an officer's reliance on a search warrant would not be reasonable," (and the "good faith exception" would not apply):

> (1) the magistrate was misled by information in an affidavit that the officer knew was false or would have known was false except for the officer's reckless disregard of the truth;
>
> (2) the magistrate wholly abandoned his detached and neutral judicial role;
>
> (3) the warrant was based on an affidavit that was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and
>
> (4) the warrant was so facially deficient by failing to particularize the place to be searched or the things to be seized, that the executing officers cannot reasonably presume it to be valid.

In this case, the defendant argues that nothing presented by Investigator Luce to the Magistrate Judge in the applications for the search warrants or possibly presented orally by Luce to the Magistrate Judge rises above speculation and mere conclusions. The court finds this argument is without merit because Investigator Luce testified at the hearing on this motion that he made an affirmation to the Magistrate Judge that he was personally aware and investigating conduct which occurred just a few weeks prior where drug dealers had invaded the homes of other drug dealers. Luce also made an affirmation to the Magistrate that he was aware that the defendant had two (2) prior drug offenses. He

testified that he informed the Magistrate that there was blood in the residence and that a car had been found with blood in it not far from the defendant's residence and someone had just went into the hospital with a gunshot wound and subsequently died from it.

For the above reasons, the court finds that clearly Investigator Luce procured the search warrant in good faith, was not dishonest or reckless in preparing the affidavit, and harbored an objectively reasonable belief in the existence of probable cause. Therefore, this court finds that the "good faith exception" would apply and the evidence obtained by the search would not be excluded.

As an additional ground for denying the defendant's motion, the court finds that the inevitable discovery doctrine would also apply. The United States Supreme Court held in <u>Nicks v. Williams</u>, 467 U.S. 431, 444 (1984), that "improperly seized evidence may nevertheless be admitted if the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means." In this case, the court finds that in conducting a thorough search of the house for evidence of a shoot-out which results in death, the officers would have found the illegal drugs and money that was seized within the residence and which is the subject of this suppression motion. There is no logical limitation as to where the bullets may have gone. Therefore, the court finds that even if the Magistrate Judge should not have authorized the search for drugs, which the court finds the Magistrate was correct in doing, it was inevitable that the drugs would be discovered.

Another ground for denying the defendant's motion is consent. As the government pointed out in its brief, the defendant called the police and summoned them to his residence to report an armed invasion which resulted in a shoot-out. Once the officers arrived, the defendant invited the officers inside his home. After entering the residence, the officers observed large amounts of blood all over the floor. The officers withdrew from the residence, after recognizing this was a crime scene for a very

7

serious crime as to prevent contamination of the crime scene. However, there has been no evidence presented which shows that the defendant ever withdrew his consent or even limited the scope of his consent. When consent is given, the Fourth Amendment is not implicated. See <u>Scneckloth v. Bustmonte</u>, 412 U.S. 218 (1973).

After thoroughly considering both parties' arguments, the testimony which was presented at the hearing on this motion, and looking at the totality of the circumstances, this court finds for the reasons stated above, the defendant's motion to suppress evidence should be **DENIED.**

**AND IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
May 9, 2005